33 C.C.P.A.(Patents)

### SANFORD v. SHIELDS.

### Patent Appeal No. 5081.

Court of Customs and Patent Appeals.

March 4, 1946.

Mason & Porter, of Washington, D. C. (Charles J. Diller, of Washington, D. C., of counsel), for appellant.

Gilbert P. Ritter, of Washington, D. C. (Ritter, Mechlin & Muir, of Washington, D. C., of counsel), for appellee.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

JACKSON, Associate Judge.

The Board of Interference Examiners of the United States Patent Office awarded priority of invention to appellee in an interference proceeding involving his application for a patent for "High Capacity Mine Car," filed March 22, 1939, Serial No. 263,336, and an application of appellant for "Mine Cars," filed July 19, 1939, Serial No. 285,393. From the decision of the board this appeal was taken.

The counts, two in number, originated in appellant's application and were suggested to appellee by the Primary Examiner for purposes of interference. They read as follows:

"1. In a mine car, wheels and individual wheel supporting stub axles at each side of the car, wheel hooding structures overlying the wheels, stub axle supporting means, a sill member extending longitudinally of the car along each side of the car, each said sill member including an upright wall portion disposed at least in part beneath the horizontal plane occupied by the wheel axes and so close to adjacent wheels as to lie in a vertical plane which intersects the stub axles at that side of the car, a central lading bottom substantially closing the space between the sill members, and supporting means for each stub axle carried in part by a sill member and in part by other parts of the car structure.

"2. In a mine car, car wheels and individual wheel supporting stub car axles at each side of the car, wheel hooding structures closely overlying the car wheels and with inside longitudinal closure walls close to adjacent wheels, stub axle supporting means, longitudinally extending sill-elements inside oppositely disposed car wheels and forming at least partial support for the said supporting means, each said sill-element including an upwardly extending wall portion disposed at least in part beneath the horizontal plane occupied by the wheel axes and located so close to adjacent wheels as to lie in a substantially vertical plane which intersects the stub axles at that side of the car, and a central lading bottom lying at least in part below the horizontal plane of the axes of the car wheels and substantially closing the space between the sill members."

It is conceded in the brief of appellant that the only issue before us is whether or not the application of appellee supports the

counts. That issue was raised by appellant's motion to dissolve, which was denied by the Primary Examiner and subsequently by the board.

The structures of both parties define low level cars, used principally in coal mines, wherein the bottoms of the car bodies are below the level of the wheel axes. The car shown in the application of appellant may be of the drop bottom type, which permits the load to be discharged downwardly. In order to carry a greater quantity than would be possible with the body or lading portion of the car coterminous with its side walls, side or socalled wing portions are provided, extending laterally and slanted toward the drop doors. The counts in issue are limited to a structure of the stub axle type, and those are illustrated in both applications as having stationary bottoms.

The applications disclose all the limitations of the counts, and the issue here involves the form and position of the sill members and the hooding structures overlying the car wheels.

The only distinction between the disclosure of appellee's application and that of appellant is that the former does not show separate or independent sills in his structure. While appellee discloses longitudinal supports he does not call them sills, but defines them as "substantially box section longitudinal stiffeners intermediate the side walls * * * to serve both a load carrying and load retaining function." He discloses that the so-called stiffeners are formed by the overlapping upright flanges of his floor plates, one of which forms the bottom of the car and the other bottom portion of the wing extension. He states that his structure, as defined in his application, produces a car "of maximum strength and capacity with a minimum of weight."

We have no doubt that the box-like stiffener of appellee's car is in all respects, both structurally and functionally, a sill. As was in effect held by the tribunals of the Patent Office, it cannot be successfully argued that such structure is not the same, in a patentable sense, as a similar box-like structure independent of the body of the car, such as disclosed by appellant.

Neither of the counts calls for any specific sill structure, but the position of the sill member is defined with respect to the wheel axes.

Appellant contends that there is nothing in the disclosure of appellee defining the position of the sill members in such relationship that the lading capacity of the car is increased. There is no limitation concerning the increase of lading capacity in the counts. This phase of the issue is whether or not appellee discloses a sill element and its positioning in the structure as defined by the counts. A careful examination of the drawings in appellee's application as explained in his specification shows that each of his longitudinally disposed sill members lies "at least in part beneath the horizontal plane occupied by the wheel axes and located so close to adjacent wheels as to lie in a substantially vertical plane which intersects the stub axles at that side of the car."

Count 2 differs from count 1 with respect to the positioning of the hooding structure over the top of the wheels. Appellee's drawings disclose the hood in close proximity to the wheel as clearly as do the drawings of appellant. Certainly in view of the structure, the hood would necessarily be in that position.

We find no merit in the contention of appellant that the expressions "close" in count 1 and " closely" in count 2 render the counts ambiguous so that they should be read only upon his application. The board held those terms to be not ambiguous but merely relative, and with that holding we agree, particularly in view of our examination of the applications.

Appellant in effect urges that limitations not expressed in the counts must be read into them, and this, of course, cannot be done. We deem it unnecessary to discuss appellant's further contentions.

For the reasons herein set fortth, the decision of the Board of Interference Examiners is affirmed.

Affirmed.